**Alena Alexandrovna HUMEN,
Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

No. 08–2488–ag.

United States Court of Appeals,
Second Circuit.

June 26, 2009.

Jay Ho Lee, New York, New York, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Alena Alexandrovna Humen, a citizen of Belarus, seeks review of an April 22, 2008 order of the BIA, affirming the May 11, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alena Alexandrovna Humen,* No. A097 970 543 (B.I.A. Apr. 22, 2008), *aff'g* No. A097 970 543 (Immig. Ct. N.Y. City May 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA's opinion fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Before the BIA, Humen failed to exhaust any challenge to the agency's adverse credibility finding. In addition to the statutory requirement that petitioners exhaust each category of relief, *see* 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122–23 (2d Cir.2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. *Id.* at 119–20. In particular, a petitioner must challenge all findings that are dispositive of her claims, and the failure to do so is fatal to her petition for review. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007).

In her appeal to the BIA, Humen failed to challenge any of the findings that formed the basis of the IJ's adverse credibility determination.[2] Indeed, she did not

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

2. We note that the Government has asserted exhaustion as an affirmative defense in this case. *See Lin Zhong,* 480 F.3d at 124. In addition, Humen has explicitly waived any challenge to the agency's denial of her application for relief under the CAT.

even acknowledge that the IJ made such a determination. Her argument to the BIA, that "[b]ased on the entire record, it is clear that Judge's decision does not support a finding that she has not met her burden of proof," was not sufficient to exhaust the arguments she raises for the first time before this Court. *See id.*

Furthermore, while the BIA adopted and affirmed the IJ's adverse credibility finding, its mere mention of that finding does not excuse Humen's failure to offer any meaningful challenge before the BIA. *Cf. Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994); *Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006). Because we find that Humen failed to exhaust any challenge to the agency's adverse credibility finding, and because that finding was dispositive of Humen's remaining applications for relief, *see Majidi v. Gonzales,* 430 F.3d 77 (2d Cir.2005), we deny the petition for review. *See Steevenez,* 476 F.3d at 117–18.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.